940 F.2d 651
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Alzeta BOSTICK, Plaintiff-Appellant,
v.
John O. MARSH, JR., Secretary, Department of the Army,
Defendant-Appellee,
and
Lloyd Mason, Defendant.
 No. 90-1526.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 30, 1991.
Decided July 26, 1991.
As Amended Aug. 14, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T.S. Ellis, III, District Judge.
 (CA-88-1135-A)
 Alzeta Bostick, appellant pro se.
 Robert Charles Erickson, Jr., Office of the United States Attorney, Alexandria, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before PHILLIPS, WILKINSON and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Alzeta Bostick, a former civilian employee of the United States Army, brought this Title VII action alleging that she was discharged from her position because of her race and gender, and that her dismissal was in retaliation for her complaints about denial of a promotion. The case was tried before the Honorable T.S. Ellis, III, without a jury. Judge Ellis made oral findings of fact and conclusions of law pursuant to Fed.R.Civ.P. 52(a) and found in favor of the defendant. The district court found that Bostick failed to establish that she was a victim of discrimination or retaliation; the court also found that the Army had a legitimate, non-discriminatory reason for firing Bostick, namely her insubordination and unauthorized leave record.
 
 
 2
 In a bench trial, a judge's findings of fact may not be set aside unless they are clearly erroneous. Fed.R.Civ.P. 52(a); Pullman-Standard v. Swint, 456 U.S. 273 (1982). The appellate court must give due regard to the trial court's ability to view witnesses and make credibility determinations. Fed.R.Civ.P. 52(a). The record supports the district court's finding that Bostick was dismissed because of her chronic tardiness, insubordination, and failure to obtain permission before taking annual or sick leave, and not for any discriminatory or retaliatory reason.
 
 
 3
 Further, to the extent that Bostick testified to a different version of the facts than did the other witnesses, the district court was in a position to determine which testimony was more credible. Bostick failed to prove that she was subjected to any discrimination in her termination; she also failed to eliminate as a possible reason for her termination the non-discriminatory reasons of insubordination and unauthorized leave. See Price Waterhouse v. Hopkins, 490 U.S. 228 (1989); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253-54 (1981); Moore v. City of Charlotte, 754 F.2d 1100, 1105-06 (4th Cir.), cert. denied, 472 U.S. 1021 (1985).
 
 
 4
 Because Bostick did not prove that her termination was discriminatory, the district court properly found in favor of the defendant. See United States Postal Service v. Aikens, 460 U.S. 711, 715 (1983). Therefore, we affirm the district court's order granting judgment in favor of the defendant.
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid in the decisional process.
 
 
 6
 AFFIRMED.